# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MANUEL WINN,

    *Petitioner*,

vs.

RENEE BAKER, *et al.,*

    *Respondents*.

3:13-cv-00544-RCJ-WGC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* as well as for initial review of the papers presented pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

    The papers presented are subject to multiple defects.

    First, petitioner has not properly commenced the action with a properly completed application to proceed *in forma pauperis*. Petitioner did not attach the financial documents required for an inmate to demonstrate pauper status. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate with the pauper application. Petitioner attached neither.

    Second, petitioner did not use the Court's required petition form to state his claims. Under Local Rule LSR 3-1, a petitioner must file the petition on the Court's required § 2254 petition form. Here, petitioner used the first and last pages of the petition form essentially as a cover for an otherwise homemade petition form. The first four grounds are set forth on what

1 appears to be a single page copied from a state petition. The remaining forty-nine grounds are set forth on homemade pages. Further, petitioner sought to include a statement as to the exhaustion of all fifty-three grounds together *in globo*.

Petitioner must use the required petition form for the entirety of his federal petition. If he has more than three grounds, he must copy and use pages from the petition form and write in the ground number for each ground. He further must include a separate page with the statement of exhaustion as to each ground separately.

Due to the multiple defects presented, the pauper application will be denied without prejudice and the present action will be dismissed without prejudice to the filing of a new petition in a new action with a pauper application with all required attachments. It does not appear that a dismissal without prejudice would result in a promptly-filed new action being untimely.[1]

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is DENIED without prejudice and that this action shall be DISMISSED without prejudice to the filing of a new petition in a new action with a properly completed pauper application with all required financial attachments.

/ / / /

---

[1] The papers on file and the online docket records of the Nevada state courts reflect the following. *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1132-32 (9th Cir. 2012)(a federal court may take judicial notice of matters of public record, including documents on file in federal or state courts).

Petitioner Manuel Winn seeks to challenge a Nevada state judgment of conviction, pursuant to a jury verdict, and as amended, of battery with the use of a deadly weapon and robbery with the use of a deadly weapon. The Supreme Court of Nevada affirmed in No. 57313 on November 18, 2011. It appears that any challenge to the judgment of conviction as amended on February 16, 2011, was pursued within the context of that appeal. The ninety-day time period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on February 16, 2012.

Approximately six months later, on or about August 15, 2012, petitioner filed a state post-conviction petition. In No. 62081, the Supreme of Nevada affirmed the denial of that petition on September 18, 2013. At the time of the filing of the federal action, the remittitur, the issuance of which recommences the running of the federal one-year limitation period, had not yet issued.

Petitioner at all times remains responsible for calculating the running of the federal limitation period as applied to his case and timely seeking state and federal relief.

1    IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find the dismissal of this improperly-commenced action without prejudice to be debatable or wrong. The current dismissal will not materially impact the analysis of either the timeliness issue or other procedural issues in a promptly filed and properly commenced new action. See note 1, *supra*.

The Clerk shall SEND petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons, five copies of a noncapital § 2254 habeas petition form, one copy of the instructions for each form, and a copy of all papers that he submitted.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: This 16th day of October, 2013.

_____
ROBERT C. JONES
Chief United States District Judge